**BARON SAMSON LLP**
27 Horseneck Road
Suite 210
Fairfield, New Jersey 07004
(973) 244-0030
Attorneys for Defendant

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH P. GREENLEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> TOMS RIVER KIA, <br><br> Defendant. | Civil Action No. 3:16-cv-04454-AET-DEA <br><br> **ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Toms River Kia ("Defendant"), by way of Answer to the Complaint filed by plaintiff Joseph P. Greenley, Jr. ("Plaintiff"), states as follows:

**A. Jurisdiction and Venue.**

    1.    Defendant denies the allegation set forth in paragraph 1 of the Complaint.

    2.    Defendant is without sufficient knowledge or information to either admit or deny the allegation set forth in paragraph 2 of the Complaint.

**B. Parties.**

    3.    Defendant is without sufficient knowledge or information to either admit or deny the allegation set forth in paragraph 3 of the Complaint.

    4.    Defendant denies that it is a corporation, and otherwise admits the allegation set forth in paragraph 4 of the Complaint.

**C. Factual Allegations.**

5. Defendant is without sufficient knowledge or information to either admit or deny the allegation set forth in paragraph 5 of the Complaint.

6. Defendant admits that Plaintiff was at its place of business, and otherwise does not respond to the allegation set forth in paragraph 6 of the Complaint because it is incomprehensible.

7. Defendant is without sufficient knowledge or information to either admit or deny the allegation set forth in paragraph 7 of the Complaint.

8. Defendant denies the allegation set forth in paragraph 8 of the Complaint.

9. Defendant denies the allegation set forth in paragraph 9 of the Complaint.

10. Defendant is without sufficient knowledge or information to either admit or deny the allegation set forth in paragraph 10 of the Complaint.

11. Defendant denies the allegation set forth in paragraph 11 of the Complaint.

12. Defendant does not respond to the allegation set forth in paragraph 12 of the Complaint because the term "RISC" is undefined and vague.

13. Defendant is without sufficient knowledge or information to either admit or deny the allegation set forth in paragraph 13 of the Complaint.

14. Defendant is without sufficient knowledge or information to either admit or deny the allegation set forth in paragraph 14 of the Complaint.

15. Defendant denies the allegation set forth in paragraph 15 of the Complaint.

16. Defendant denies the allegation set forth in paragraph 16 of the Complaint.

17. Defendant is without sufficient knowledge or information to either admit or deny the allegation set forth in paragraph 17 of the Complaint.

18. Defendant is without sufficient knowledge or information to either admit or deny the allegation set forth in paragraph 18 of the Complaint.

19. Defendant admits that it is a merchant which sells vehicles to certain customers, and otherwise is without sufficient knowledge or information to either admit or deny the allegation set forth in paragraph 19 of the Complaint.

20. Defendant is without sufficient knowledge or information to either admit or deny the allegation set forth in paragraph 20 of the Complaint.

21. Defendant is without sufficient knowledge or information to either admit or deny the allegation set forth in paragraph 21 of the Complaint.

22. Defendant is without sufficient knowledge or information to either admit or deny the allegation set forth in paragraph 22 of the Complaint.

23. Defendant does not respond to the term "actual use of that credit that day" because it is incomprehensible, and otherwise denies the allegation set forth in paragraph 23 of the Complaint

**FIRST COUNT**
(Fraud)

24. Defendant hereby repeats each and every response in the preceding paragraphs as if fully set forth herein.

25. Defendant denies the allegation set forth in paragraph 25 of the Complaint.

26. Defendant denies the allegation set forth in paragraph 26 of the Complaint.

27. Defendant denies the allegation set forth in paragraph 27 of the Complaint.

28. Defendant denies the allegation set forth in paragraph 28 of the Complaint.

29. Defendant denies the allegation set forth in paragraph 29 of the Complaint.

30. Defendant denies the allegation set forth in paragraph 30 of the Complaint.

31. Defendant denies the allegation set forth in paragraph 31 of the Complaint.

32. Defendant denies the allegation set forth in paragraph 32 of the Complaint.

33. Defendant denies the allegation set forth in paragraph 33 of the Complaint.

34. Defendant denies the allegation set forth in paragraph 34 of the Complaint.

35. Defendant denies the allegation set forth in paragraph 35 of the Complaint.

## SECOND COUNT
(Consumer Fraud Act)

36. Defendant hereby repeats each and every response in the preceding paragraphs as if fully set forth herein.

37. Defendant denies the allegation set forth in paragraph 37 of the Complaint.

38. Defendant denies the allegation set forth in paragraph 38 of the Complaint.

WHEREFORE, Defendant seeks the entry of judgment, dismissing the Complaint with prejudice, and granting it attorneys' fees, costs, interest and such other and further relief as this Court deems appropriate and just.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff failed to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, based upon the doctrines of waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, based upon the doctrines of setoff and recoupment.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because this Court lacks jurisdiction.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by virtue of any available defenses set forth in the Consumer Fraud Act or any judicial interpretation thereof.

 

BARON SAMSON LLP
Attorneys for Defendant


By: /s/ Andrew Samson
    ANDREW SAMSON

Dated: August 19, 2016