# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSEPH P. GREENLEY JR.,                          : Civil No. 3:16-cv-04454-AET-DEA
                                                 :
                            Plaintiff,           :
              v.                                 :
                                                 :
TOMS RIVER KIA;                                  :
                                                 :
                            Defendants.          :

## PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES

1.      Identify by name, business affiliation, job title, last known home and business address, and telephone number, all persons who possess knowledge of any relevant facts relating to any claims or defenses asserted in this action, and separately, with respect to each, set forth the substance of such knowledge.

ANSWER: In addition to plaintiff, DeSimone Kia, Roosevelt Blvd and Red Lion Rd., Philadelphia, PA regarding warranted replacement of defective transmission, and plaintiff's expert Bob Salmon regarding his inspection and valuation of the vehicle reflected in the report provided to defendant.

2.      Identify all persons that you may call as a Witness at trial to provide an opinion or conclusion, whether expert or lay, pursuant to New Jersey Evidence Rule 701 or 702.

ANSWER: In addition to plaintiff's fact testimony, plaintiff's expert Bob Salmon.

3.      As to each person identified in response to interrogatory number 2 herein, identify the following:

 (a) His or her academic background, including colleges, universities, institutes, and courses ol study attended, along with the years of attendance and dates of any degrees, diplomas, or certificates, and the precise scope of those studies as they relate to his or her area of expertise.

ANSWER: See plaintiff's expert report with attached CV.

(b) Any special qualifications, including awards or other conferrals, and memberships in professional organizations and societies as they relate to his or her area of expertise.

ANSWER: See plaintiff's expert report with attached CV.

(c) A summary of his or her experience in his or her area of expertise, including dates, places, and scope of such experiences.

ANSWER: See plaintiff's expert report with attached CV.

(d) All books, articles, and other publications, writings, or documents of which he or she was an author, editor, or contributor, along with the names of the publications or publishers and the dates and places of publication.

ANSWER: See plaintiff's expert report with attached CV.

(e) The subject matter about which the expert or lay Witness is expected to testify.

ANSWER: See plaintiff's expert report with attached CV.

(f) The substance of the facts or opinions to which the witness is expected to testify, a summary of the grounds for each opinion, and the dates on which these facts and opinions were submitted to the party on behalf of whom he or she will be testifying.

ANSWER: See plaintiff's expert report with attached CV.

(g) The precise scope and a detailed description of the work, study, and analyses performed by each witness in order to reach his or her Facts and opinion.

ANSWER: See plaintiff's expert report with attached CV.

(h) The title and author of any treatise, learned or professional periodical, or other publication or study upon which the witness relies for each of his or her facts and opinions.

ANSWER: See plaintiff's expert report with attached CV.

(i) The monetary or in-kind compensation, if any, the witness has received, or will or may receive, in exchange for such testimony or appearance at any proceeding in this litigation.

ANSWER:  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other rule of privilege or confidentiality provided by law. Without waiver of said objection, plaintiff will disclose all fees and costs upon petition to the court for reimbursement of such sums to the extent plaintiff is the prevailing party.

4.      If any witness identified in response to Interrogatory 2 herein has prepared any written report or document relating to, in connection with or touching upon any of the facts, conclusions

or opinions to which he or she is expected to testify, identify and attach a copy of that report or document.

ANSWER: See written report already produced to defendant.

5.      If any Witness identified in response to interrogatory 2 herein has prepared an oral report, provide a summary of such report, and the date submitted.

ANSWER: None.

6.      Identify, and itemize by dollar amount, all losses for which you are seeking damages against Defendant in this action

ANSWER: See amended disclosures provided to defendant on November 8, 2016.

7.      As to your allegation in your Complaint that Defendant misrepresented and/or concealed that it "would not transfer lawfully title and registration for the Vehicle and/or submit the appropriate paperwork to the Commonwealth because it lacked title to the Vehicle when it was sold," identify the following:

(a) Any and all actions taken by, or the date, time and the substance of, any communications made by Defendant that constituted the misrepresentation and/or concealment.

ANSWER: Plaintiff withdraws any allegations as to title regarding the vehicle to the extent that any issues regarding title have since been resolved.

(b) The employee or representative of Defendant who took any of the actions and/or made any of the communications listed in response to subparagraph (a) of this interrogatory.

ANSWER: See prior answer.

(c) Any and all persons who witnessed any or all of the actions or communications listed in response to subparagraph (a) of this interrogatory.

ANSWER: See prior answer.

(d) Any and all [acts upon which you base your allegation that the misrepresentation and/or omission was made knowingly.

ANSWER: See prior answer.

(e) How you relied on the misrepresentation and/or omission.

ANSWER: See prior answer.

8.      As to your allegation in your Complaint that Defendant misrepresented and/or concealed that "the sale of the Vehicle was not conducted and the paperwork was not completed lawfully", identity the following:

(a) Any and all actions taken by, or the date, time and the substance of any communications made by Defendant that constituted the misrepresentation and/or concealment.

ANSWER: Per the express allegations of the complaint, Defendant calculated the sales tax amount based on the total cash price of the Vehicle rather than the price of the vehicle less the trade-in value thereby resulting in charging double the amount of sales tax. See also the attached NJ statute and NJ car sales guide promulgated by the New Jersey Division of Taxation and the New Jersey Coalition of Automotive Retailers supporting the proper calculation of sales tax for sale of a vehicle to an out of state resident.

(b) The employee or representative of Defendant who took any of the actions and/or made any of the communications listed in response to subparagraph (a) of this interrogatory.

ANSWER: Objection. This information is in the possession of defendant.

(c) Any and all persons who witnessed any or all of the actions or communications listed in response to subparagraph (b) of this interrogatory.

ANSWER: Unknown.

(d) Any and all facts upon which you base your allegation that the misrepresentation and/or concealment was made knowingly.

ANSWER: These calculations are too fundamental to constitute error.

(e) How you relied on the misrepresentation and/or omission.

ANSWER: Plaintiff has signed a contract obligating him to pay the inflated sum to the assignee of the sale contracts pending resolution of this action.

9.      As to your allegation in your Complaint that Defendant misrepresented and/or concealed that you were "not being charged lawfully for taxes," identify the following:

(a) Any and all actions taken by, or the date, time and the substance of any communications made by Defendant that constituted the misrepresentation and/or concealment.

ANSWER: For this answer, and all sub-parts below, see plaintiff responses to the prior interrogatory.

(b) The employee or representative of Defendant who took any of the actions and/or made any of the communications listed in response to subparagraph (a) of this interrogatory.

ANSWER:

(c) Any and all persons who witnessed any or all of the actions or communications listed in response to subparagraph (a) of this interrogatory.

ANSWER:

(d) Any and all facts upon which you base your allegation that the misrepresentation and/or concealment was made knowingly.

ANSWER:

(e) How you relied on the misrepresentation and/or omission.

ANSWER:

10.     As to your allegation in your Complaint that Defendant misrepresented and/or concealed that you were not "being charged lawful amounts being paid to public officials for title, registration and lien fees," identify the following:

 (a) Any and all actions taken by, or the date, time and the substance of, any communications made by Defendant that constituted the misrepresentation and/or concealment.

ANSWER: For this answer, and all sub-parts below, see plaintiff responses to the prior interrogatory 7 herein.

(b) The employee or representative of Defendant who took any of the actions and/or made any of the communications listed in response to subparagraph (a) of this interrogatory.

ANSWER:

(c) Any and all persons who witnessed any or all of the actions or communications listed in response to subparagraph (a) of this interrogatory.

ANSWER:

(d) Any and all facts upon which you base your allegation that the misrepresentation and/or concealment was made knowingly.

ANSWER:

(e) How you relied on the misrepresentation and/or omission.

ANSWER:

11.    As to your allegation in your Complaint that Defendant misrepresented and/or concealed the Vehicle's alleged prior collision damage, identify the following:

(a) Any and all actions taken by, or the date, time and the substance of, any communications made by Defendant that constituted the misrepresentation and/or concealment.

ANSWER: Plaintiff objects to this interrogatory insofar as discovery is continuing into these issues and will be ascertained fully at deposition of the persons with knowledge identified by defendant for this purpose. Without waiver of said objection, see all individuals identified thus far by defendant in its answers to plaintiff's discovery who inspected, reviewed, sold, or repaired the subject vehicle.

(b) The employee or representative of Defendant who took any of the actions and/or made any of the communications listed in response to subparagraph (a) of this interrogatory.

ANSWER: See prior answer.

(c) Any and all persons who witnessed any or all of the actions or communications listed in response to subparagraph (a) of this interrogatory.

ANSWER: Plaintiff visited defendant's dealership in the company of his wife and daughter.

(d) Any and all facts upon which you base your allegation that the misrepresentation and/or concealment was made knowingly.

AMENDED ANSWER: Plaintiff's mechanic noted damage to the body of the subject vehicle.

(e) How you relied on the misrepresentation and/or omission

ANSWER: Plaintiff having asked of defendant whether the vehicle had been in any prior accident and defendant responded in the negative, plaintiff purchased the vehicle.

(f) The date, time, and place of the alleged collision.

AMENDED ANSWER: Unknown.

(g) Any and all prior collision damage that Defendant allegedly misrepresented or concealed.

ANSWER: See plaintiff's expert report.

(h) Any and all inspections and repairs to correct the alleged collision damage.

ANSWER: See prior answer.

12.    Identify any misrepresentation, omission, or unconscionable commercial practice, not referenced in interrogatories seven through eleven which you allege Defendant committed with respect to your purchase of the Vehicle:

ANSWER: See prior answers and the text of the complaint.

13.     As to any and all misrepresentations, omissions, or unconscionable commercial practices identified in response to interrogatory twelve, identify the following:

(a) Any and all actions taken by, or the date, time and the substance of any communications made by Defendant that constituted the misrepresentations, omission, or unconscionable commercial practice.

ANSWER: Plaintiff objects to this interrogatory to the extent that it duplicates the queries in interrogatory 11 and insofar as discovery is continuing into these issues and will be ascertained fully at deposition of the persons with knowledge identified by defendant for this purpose. Without waiver of said objection, see plaintiff's response to interrogatory 11.

(b) The employee or representative of Defendant who took any of the actions and/or made any of the communications listed in response to subparagraph (a) of this interrogatory

ANSWER: See prior answer.

(c) Any and all persons who witnessed any of the actions or communications listed in response to subparagraph (a) of this interrogatory.

ANSWER: See prior answer.

(d) Any and all facts upon which you base your allegation that the

misrepresentation, omission, and/or unconscionable commercial practice was made knowingly.

ANSWER: See prior answer.

(e) Any and all facts supporting your allegation that such misrepresentation, omission, and/or unconscionable commercial practice was material.

ANSWER: See prior answer.

(f) Any and all ways that you relied on the misrepresentation, omission, and/or unconscionable commercial practice.

ANSWER: See prior answer.

14.     As to your allegation in your Complaint that Defendant advertised the Vehicle online with a cash sale price of $16,356 prior to your May 20, 2016 visit to Defendant's dealership, identify the following:

As to all sub-parts herein, see in response the one page advertisement produced by plaintiff in response hereto.

(a) The web address where the alleged advertisement was posted.

ANSWER:

(b) The date and time you saw the alleged advertisement.

ANSWER:

(c) Whether you kept any record of the alleged advertisement.

ANSWER:

(d) The date, time, and the substance of each and every communication between you and Defendant with respect to the alleged advertisement.

ANSWER:

(e) The employee or representative of Defendant who made any of the communications listed in response to subparagraph (d) of this interrogatory.

ANSWER:

(f) Any and all persons who witnessed any of the communications listed in response to subparagraph (d) of this interrogatory.

ANSWER:

15.    As to your allegation in your Complaint that the Vehicle was inspected at a mehanic's shop after you purchased it, but prior to the initiation of this lawsuit, identify the following:

ANSWER:

(a) The name, address, and phone number of the mechanic's shop.

ANSWER: See invoices produced.


(b) The name of any and all mechanics who inspected the Vehicle.

ANSWER: See prior answers


(c) Any and all damage identified during said inspection.

ANSWER: See invoices produced.

(d) Whether you received an estimate or appraisal.

ANSWER: No.


(e) If an estimate or appraisal was given, identify the quoted estimated cost of repairs to, and/or the appraised value of, the Vehicle.

ANSWER: See plaintiff's expert report.

(f) Any and all repairs made to the Vehicle.

ANSWER: None other than transmission replacement.


By:     /s/Matthew B. Weisberg
        Attorney for Plaintiff

## CERTIFICATION

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*[signature]*

JOSEPH P. GREENLEY, JR,

Dated: November ___, 2016