## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH P. GREENLEY, JR.,<br><br>               Plaintiff,<br><br>v.<br><br>TOMS RIVER KIA,<br><br>               Defendant. | Civil Action No. 3:16-cv-04454-AET-DEA |

---

## BRIEF IN SUPPORT OF TOMS RIVER KIA'S
## MOTION TO DISMISS

---

BARON SAMSON LLP
27 Horseneck Road
Suite 210
Fairfield, New Jersey 07004
(973) 244-0030
Attorneys for Defendant
Toms River Kia

## TABLE OF CONTENTS

PROCEDURAL HISTORY..........................................................................................................1

STATEMENT OF FACTS .........................................................................................................2

LEGAL ARGUMENT ...............................................................................................................3

    POINT I

        PLAINTIFF'S CLAIM SHOULD BE DISMISSED
        FOR LACK OF SUBJECT MATTER JURISDICTION ......................................................3

CONCLUSION...........................................................................................................................6

## TABLE OF AUTHORITIES

### CASES

Flail v. Travelers Companies,
  1998 U.S. Dist. LEXIS 15964 (E.D.Pa. Oct. 6, 1998)..................................................................4

Frederico v. Home Depot,
  507 F.3d 188 (3d Cir. 2007)..........................................................................................................4

In re Rite Aid Corp. Securities Litigation,
  396 F.3d 294 (3d Cir. 2005)..........................................................................................................4

Lauchheimer v. Gulf Oil,
  6 F.Supp.2d 339 (D.N.J. 1998) .....................................................................................................3

Packard v. Provident Nat. Bank,
  994 F.2d 1039 (3rd Cir. 1993) .......................................................................................................3

Penn v. Wal-Mart Stores, Inc.,
  116 F.Supp.2d 557 (D.N.J. 2000) .................................................................................................3

Suber v. Chrysler Corp.,
  104 F.3d 578 (3d Cir. N.J. 1997) ..................................................................................................3

Sacchi v. ABC Fin. Servs.,
  2014 U.S. Dist. LEXIS 114288 (D.N.J. Aug. 18, 2014)..........................................................3, 4

Walker v. Giuffre,
  209 N.J. 124 (2012).   ................................................................................................................4, 5

### RULES

Fed. R. Civ. P. 12(b)(1)....................................................................................................................1

N.J.S.A. 56:8-1..................................................................................................................................2

28 U.S.C. § 1332...............................................................................................................................2

28 U.S.C. § 1332(a) ......................................................................................................................3, 5

## PROCEDURAL HISTORY

On July 22, 2016, plaintiff Joseph P. Greenley ("Plaintiff") filed his Complaint in this action with the Court.   See Declaration of Albert M. Levi, Esq. submitted herewith ("Levi Decl."), Exhibit A.   On August 19, 2016, Defendant Toms River Kia ("TRK") filed its Answer. TRK now moves to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1).

## STATEMENT OF FACTS

In his Complaint, Plaintiff alleges that he, a Pennsylvania resident, purchased a used 2013 Kia Optima, VIN # 5XXGR4A66DG108268 (the "Vehicle") from TRK, an automobile dealership in Toms River, New Jersey, on or about May 20, 2016. See Levi Decl., Ex A. at ¶¶ 6-10. The Complaint alleges, among other things, a cause of action against TRK for a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. ("CFA"), arising out of the transaction. Id., Ex. A at ¶¶ 24-38. Although Plaintiff fails to cite the correct statute in his Complaint, he appears to allege that this Court has jurisdiction over his claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Id., Ex. A at ¶1. The Complaint does not set forth Plaintiff's claimed damages.

On November 8, 2016, Plaintiff served his Initial Disclosures wherein he itemizes his damages as follows:

1.     $6,537 diminished value as actual damages;
2.     Mandatory treble damages under the CFA or $19,611; and
3.     Attorney fees and costs.

Id., Ex. B at 3. The "$6,357 diminished value" is contained in the report of Plaintiff's purported expert Robert Salmon. Id. at ¶4. On December 16, 2016, Plaintiff served his sworn Answers to Interrogatories. Id., Ex. C. In response to interrogatory number 6, "identify, and itemize by dollar amount, all losses for which [he is] seeking damages against [TRK] in this action," he again referred TRK to the itemization of damages set forth in his Initial Disclosures. Id., Ex. C at 3.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF'S CLAIM SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

For a plaintiff to establish federal diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). In reviewing a motion to dismiss for lack of subject matter jurisdiction, the sum claimed by the plaintiff controls if the claim is apparently made in good faith unless it appears to a legal certainty that the claim is truly for less than the jurisdictional amount. Suber v. Chrysler Corp., 104 F.3d 578, 583 (3d Cir. N.J. 1997).

Although our courts have held that, in cases alleging violation of the CFA, reasonable attorneys' fees should be considered in determining whether a plaintiff meets the jurisdictional threshold, where attorneys' fees would "need to represent the bulk of any possible recovery to satisfy the amount in controversy requirement, those claims should be subjected to particularly close scrutiny." Sacchi v. ABC Fin. Servs., 2014 U.S. Dist. LEXIS 114288, *11, (D.N.J. Aug. 18, 2014)(remanding the complaint to state court)[1]. See also Packard v. Provident Nat. Bank, 994 F.2d 1039, 1046 (3d Cir. 1993)(remanding to trial court to dismiss the complaint); Penn v. Wal-Mart Stores, Inc., 116 F.Supp.2d 557, 569 (D.N.J. 2000)(remanding the complaint to state court). In fact, courts have routinely rejected the argument that a plaintiff can meet the amount in controversy by relying primarily on the award of attorneys' fees, rather than compensatory damages. See, e.g., Lauchheimer v. Gulf Oil, 6 F.Supp.2d 339, 346 (D.N.J. 1998) (holding that amount in controversy could not be satisfied by potentially excessive award of attorneys' fees where plaintiff, if successful, would receive very small compensatory damages); Sacchi, supra,

---

[1] A true and accurate copy of the opinion in Sacchi is annexed hereto as Exhibit A.

2014 U.S. Dist. LEXIS at *11; Flail v. Travelers Companies, 1998 U.S. Dist. LEXIS 15964, at

*3 (E.D.Pa. Oct. 6, 1998) (finding that amount in controversy could not reasonably exceed

$75,000 by aggregating potential attorneys' fees where compensatory damages could not exceed

$5,000).[2]

In this case, Plaintiff admits in both his Initial Disclosures and his sworn Answers to

Interrogatories that his actual damages are only $6,537. Levi Decl., Ex. B at 3 and Ex. C at 6. In

addition, he seeks treble damages and attorneys' fees under the CFA. Id. Plaintiff is effectively

claiming that he is entitled to over $55,000 in attorneys' fees. That is more than 275% of his

claimed damages, even incorporating treble damages under the CFA. By contrast, in Frederico

v. Home Depot, 507 F.3d 188, 199 (3d Cir. 2007), the Third Circuit limited the plaintiff's

claimed attorneys' fees to thirty percent of his actual damages in holding that he could not meet

the jurisdictional threshold. The court based its decision on a study conducted by the Federal

Judicial Center that found a median percentage attorney award of 27-30%. Id. See also In re Rite

Aid Corp. Securities Litigation, 396 F.3d 294, 303 (3d Cir. 2005)(discussing study). Clearly the

attorneys' fees Plaintiff would need to recover to reach the diversity threshold fall far outside this

range.

Furthermore, the New Jersey Supreme Court has held that, in considering an application

for statutory attorneys' fees, the court may reduce claimed fees if "the hours expended, taking

into account the damages prospectively recoverable, the interests to be vindicated, and the

underlying statutory objectives, exceed those that competent counsel reasonably would have

expended." Walker v. Giuffre, 209 N.J. 124, 132 (2012). The court must also consider whether

"the plaintiff achieve[d] a level of success that makes the hours reasonably expended a

satisfactory basis for making a fee award." Reynolds v. USX Corp., 56 Fed. Appx. 80, 83 (3d

---

[2] A true and accurate copy of the opinion in Flail is annexed hereto as Exhibit B.

4

Cir. 2003).  Even assuming that Plaintiff is wildly successful in prosecuting this case, it is still a relatively straightforward CFA claim for which Plaintiff only stands to recover $19,611 inclusive of treble damages.  Levi Aff., Ex. B.  Therefore, it is unthinkable, if not impossible, that Plaintiff will be able to recover over $55,000 in attorneys' fees under the standard set forth in Walker.

In light of the unrealistic attorneys' fees Plaintiff would need to recover to reach the $75,000 threshold, this Court should hold that he cannot meet the jurisdictional threshold of 28 U.S.C. § 1332(a) and dismiss the Complaint.

## CONCLUSION

Based on the foregoing, this Court should dismiss the Complaint.

Respectfully submitted,
BARON SAMSON LLP
Attorneys for Defendant
Toms River Kia

By: _____
ALBERT M. LEVI

Dated: December 19, 2016

6