# EXHIBIT A

# *Sacchi v. ABC Fin. Servs.*

United States District Court for the District of New Jersey

August 18, 2014, Decided; August 18, 2014, Filed

Civ. No. 14-1196 (FLW)

**Reporter**
2014 U.S. Dist. LEXIS 114288 *; 2014 WL 4095009

JOHN SACCHI, Plaintiff, v. ABC FINANCIAL SERVICES, INC., et al., Defendants.

**Notice:** NOT FOR PUBLICATION

**Counsel:** [*1] For JOHN SACCHI, an Individual, on behalf of himself and all others similarly situated, Plaintiff: STEPHEN JOHN SIMONI, LEAD ATTORNEY, LAW OFFICES OF STEPHEN J. SIMONI, MONMOUTH BEACH, NJ.

For ABC FINANCIAL SERVICES, INC., "ABC", PAUL W. SCHALLER, Individually and as President of ABC, JAMES A. BOTTIN, Individually and as CEO of ABC, ROBERT "BOB" WHISNANT, Individually and as CFO of ABC, Defendants: JONATHAN A. CASS, LEAD ATTORNEY, COHEN, SEGLAS, PALLAS, GREENHALL & FURMAN, PHILADELPHIA, PA.

**Judges:** Freda L. Wolfson, United States District Judge.

**Opinion by:** Freda L. Wolfson

## Opinion

**WOLFSON, United States District Judge:**

Defendants ABC Financial Services, Inc. ("ABC Financial"), Paul W. Schaller, James A. Bottin, and Robert Whisnant (collectively, "Individual Defendants") (together with ABC Financial, "Defendants") removed Plaintiff John Sacchi's ("Plaintiff") state court Complaint to this Court, and now move to dismiss all claims against them. In opposition, Plaintiff contends that this Court lacks subject matter jurisdiction over the lawsuit, and seeks remand to state court. For the reasons set forth below, this Court finds that subject matter jurisdiction does not exist, and remands Plaintiff's Complaint to state [*2] court.

### I. BACKGROUND

This matter arises out of a membership agreement between Plaintiff, a New Jersey resident and senior citizen,[1] and Retro Fitness of West Long Branch ("Health Club"), a health and fitness club located in Monmouth County, New Jersey. Compl. ¶¶ 1, 16. On June 4, 2009, Plaintiff executed a membership agreement with the Health Club to enroll as a monthly dues member under the Health Club's automatic renewal program. *Id.* at ¶¶ 16-20; *see also* Def. Br., Ex. B (Membership Agreement). Under the terms of the agreement, Plaintiff's membership would automatically renew each month; however, the membership (*i.e.* the automatic renewals) could be terminated at any time by Plaintiff providing 60-days written notice of cancellation to the Health Club's billing company, ABC Financial. Compl. ¶¶ 17-18, 20. Furthermore, the agreement authorized ABC Financial to make recurring monthly charges to Plaintiff's credit card in the amount of $19.99 for his monthly membership dues, to be processed on the third day of each month. *Id.* at ¶¶ 17-18.

On May 16, 2013, Plaintiff provided written notice of cancellation to ABC Financial. *Id.* at ¶ 21. Although [*3] the terms of the contract dictate that Plaintiff's membership terminated on July 15, 2014, ABC Financial processed charges on July 3 for a full month's dues, effectively billing Plaintiff for membership dues through August 2, 2013. *Id.* at ¶¶ 22-25. Subsequently, Plaintiff filed the instant Complaint in the Superior Court of New Jersey, Monmouth County, Law Division, asserting, on behalf of "himself and all persons similarly situated," claims against Defendants based on the allegation that he was charged membership dues in violation of the terms of his agreement. *Id.* at ¶¶ 20-26; *see also* Def. Br., 1. Plaintiff's Complaint alleges five related causes of action: (1) conversion, (2) fraud, (3) breach of contract, (4) breach of contractual duty to third-party beneficiary, and (5) violations of the New Jersey Consumer Fraud Act, *N.J.S.A. 56:8-2.2 et seq.* ("NJCFA"). Compl., 7-11. Shortly thereafter, on February 24, 2014, Defendants timely removed the Complaint to the United States District Court for the District of New Jersey on the basis of diversity of citizenship pursuant

---

[1] As defined by the New Jersey Consumer Fraud Act, *N.J.S.A. 56:8-2.2 et seq.*

to *28 U.S.C § 1332(a)(1)*. Defendants then filed (i) a motion to dismiss all counts pursuant to *Fed. R. Civ. P. 12(b)(2) & (6)*, and (ii) a motion for sanctions pursuant to *Fed. R. Civ. P. 11*. Plaintiff opposes **[*4]** both motions solely on the basis that this Court lacks subject matter jurisdiction over the Complaint, arguing that, as a putative class action, the jurisdictional requirements of the Class Action Fairness Act ("CAFA"), *see 28 U.S.C. § 1332(d)(2)*, must be met, and that Defendants have failed to make such a showing with respect to Plaintiff's Complaint.

## II. STANDARD OF REVIEW

A civil action brought in state court may be removed by the defendant or the defendants, to a federal district court if the district court has original jurisdiction over the claim. *28 U.S.C. § 1441(a)*; *see also Samuel-Bassett v. Kia Motors Am., 357 F.3d 392, 398 (3rd Cir. 2004)*. Federal district courts have original jurisdiction on the basis of diversity of citizenship where, (1) the matter in controversy exceeds the sum or value of $75,000, and (2) there is diversity of citizenship between each plaintiff and each defendant in the case. *See, e.g., Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 148 (3rd Cir. 2009)* (citing *28 U.S.C. § 1332(a)(1)*). Alternatively, pursuant to CAFA, federal district courts have original jurisdiction over class actions where, (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and (2) any member of a class of plaintiffs is a citizen of a state different from any defendant. *28 U.S.C. § 1332(d)(2)(A)*. Under either *§ 1332(a)(1)* or CAFA, "the party asserting federal jurisdiction **[*5]** in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot, 507 F.3d 188, 193 (3rd Cir. 2007)* (citing *Samuel-Bassett, 357 F.3d at 396*); *Morgan v. Gay, 471 F.3d 469, 473 (3rd Cir. 2006)*. Any doubts must be resolved in favor of remand. *Samuel-Bassett, 357 F.3d at 403*.

Finally, where a plaintiff's complaint does not expressly limit the amount in controversy to an amount lower than the jurisdictional requirement, and where, as here, the jurisdictional dispute is based solely on the plaintiff's complaint, the case must be remanded only if "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff *cannot recover* the amount claimed." *Frederico, 507 F.3d at 194* (emphasis added) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938))*.

## III. DISCUSSION

Defendants assert that removal is proper under *§ 1332(a)(1)*, alleging that the complete diversity requirement is satisfied because Plaintiff is a citizen of the state of New Jersey and Defendants are citizens of the state of Arkansas; this is not disputed. Def. Notice of Removal, ¶¶ 26-27. Furthermore, Defendants contend that the amount in controversy "exceeds $75,000 according to a reasonable reading of the Plaintiff's Complaint," noting that Plaintiff seeks compensatory, treble, and punitive damages, as well as attorneys' fees. *Id.* at ¶ 28. In opposition, Plaintiff **[*6]** does not address whether his individual claim exceeds $75,000, and instead asserts that this court lacks subject matter jurisdiction over his claim because CAFA governs and restricts diversity jurisdiction over putative class actions, such as Plaintiff's, to those that seek more than five million dollars in damages. Pl. Opp., 2. In light of this, Plaintiff contends that Defendants failed to show that Plaintiff's Complaint seeks more than five million dollars in in damages, and thus have failed to show that jurisdiction exists over his Complaint. Furthermore, Plaintiff rejects the applicability of *§ 1332(a)*, arguing that *§ 1332(a)* uniquely applies to non-class action matters. In response, Defendants argue that *§1332(a)* and CAFA provide alternative bases for establishing subject matter jurisdiction over a putative class action. Def. Rep. Br., 2.

Plaintiff has not identified, and the Court has not found, any precedent in support of the proposition that *§ 1332(a)* is inapplicable to putative class action lawsuits, or that CAFA restricts the federal judiciary's subject matter jurisdiction of diversity-based putative class actions to those that seek more than five million dollars in damages. Pl. Opp., 2. To the contrary, the Supreme **[*7]** Court has explained that Congress enacted CAFA in order to *loosen* the requirements for diversity jurisdiction over certain class actions, noting that CAFA was passed in light of concerns that "certain requirements of diversity jurisdiction . . . had functioned to keep cases of national importance in state courts rather than federal courts." *Mississippi ex rel. Hood v. AU Optronics Corp., 134 S.Ct. 736, 740, 187 L. Ed. 2d 654 (2014)*. In that connection, Wright & Miller's *Federal Practice and Procedure* explicitly describes CAFA as expanding rather than diminishing the scope of diversity jurisdiction. 14C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3728 (4th ed.) ("Insofar as [CAFA] creates original jurisdiction over cases that previously were beyond federal diversity subject-matter jurisdiction, the Act *enlarges* the universe of cases that may be removed pursuant to *28 U.S.C.A. § 1441*." (Emphasis added.)).

Indeed, in *Shah v. Hyatt Corp., 425 F. App'x 121 (3rd Cir. 2011)*, the Third Circuit affirmed the District Court's holding that a defendant properly established subject matter jurisdiction over the plaintiff's individual claims pursuant to *§ 1332(a)*—even though the case itself was a putative class

action that did not meet CAFA's jurisdictional requirements—and thus implicitly rejected the same argument Plaintiff here makes. *Id. at 121, 124-25*. Put differently, [*8] *Shah* demonstrates that a putative class action may be removed as to the named plaintiff if *§ 1332(a)* is satisfied, regardless of whether CAFA's requirements are also satisfied.

In light of the forgoing authority, I conclude that CAFA does not limit the scope of traditional diversity jurisdiction pursuant to *§ 1332(a)*, but rather relaxes the complete diversity rule in in the context of certain class actions.[2] Thus, contrary to Plaintiff's arguments, it is evident that *§ 1332(a)* and CAFA constitute *separate* bases for removal of class action matters. Because Defendants removed this case on the basis of diversity jurisdiction pursuant to *§ 1332(a)*, the proper inquiry is whether Defendants established that the requirements of complete diversity and an amount-in-controversy exceeding $75,000 are satisfied.

To that end, although Plaintiff has not contested Defendants' assertion that the [*9] requirements of complete diversity and amount-in-controversy exceeding $75,000 are satisfied, the Court has an independent obligation to determine whether it has subject matter jurisdiction. *Kaufman, 561 F.3d at 151* (citing *Samuel-Bassett, 357 F.3d at 395*); *see also Golden ex rel. Golden v. Golden, 382 F.3d 348, 354 (3rd Cir. 2004)* ("The federal courts themselves, of course, have a continuing obligation to investigate their jurisdiction over the matters before them."). I evaluate jurisdiction by reviewing the allegations in the Complaint and notice of removal. *Kaufman, 561 F.3d at 151*; *Frederico, 507 F.3d at 197* ("[T]o determine whether the minimum jurisdictional amount has been met in a diversity case removed to district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court.").

Regarding diversity of citizenship, Defendants assert that complete diversity exists as Plaintiff is a citizen of the State of New Jersey and all Defendants are citizens of the State of Arkansas. Notice of Removal ¶ 27. These allegations are consistent with Plaintiff's Complaint, and Plaintiff did not object to or offer evidence to dispute these allegations. Thus, based on the assertions of both parties, complete diversity exists. Therefore, the inquiry now turns to the principle issue

of whether the amount in controversy [*10] exceeds the $75,000 threshold required by *§ 1332(a)*.

Plaintiff's Complaint does not expressly limit his claims to an amount less than $75,000, and the parties do not dispute the relevant facts; thus, the "legal certainty" test must be applied, meaning that the amount in controversy is satisfied unless the court is convinced to a legal certainty that Plaintiff's claims could not exceed $75,000. *Frederico, 507 F.3d at 197*. Although not quantified, Plaintiff's Complaint seeks relief in the form of: (1) compensatory damages; (2) treble and other statutory damages as permitted under the NJCFA; (3) punitive damages; (4) attorneys' fees and costs; and (5) any other relief deemed just and proper by the court. I now consider these requested damages to determine whether it appears to a legal certainty that Plaintiff could not recover more than $75,000.

In the present case, Plaintiff alleges that he suffered approximately $10 in actual damages, while also seeking treble damages and statutory penalties pursuant to Defendants' alleged violations of the NJCFA. A private party may state a claim under the NJCFA if he or she can demonstrate an ascertainable loss caused by a defendants' violation of the statute. *N.J.S.A. 56:8-19*; *Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 246, 872 A.2d 783 (2005)*. Because Plaintiff has alleged [*11] an ascertainable loss of about $10, the statute further requires courts to award plaintiffs threefold the actual damages resulting from a violation, which in this case, would increase Plaintiff's potential award to approximately $30. *N.J.S.A. 56:8-19*.

Plaintiff also avers in his NJCFA claim that ABC Financial is liable for enhanced damages under the statute's "additional penalties" provision for violations causing injuries to senior citizens and/or disabled persons, such as Plaintiff. *See N.J.S.A. 56:8-14.3*. While this provision provides for civil penalties of up to $30,000 to punish defendants for certain unlawful conduct directed towards senior citizens and/or disabled persons, these penalties are not available under a private causes of action but may only be sought by the Attorney General. *See Weinberg v. Sprint Corp., 173 N.J. 233, 247-50, 801 A.2d 281*.[3] Plaintiff, as a private individual,

---

[2] For these reasons, Plaintiff's reliance on *Erie Ins. Exch. v. Erie Indem., 722 F.3d 154, 158 (3rd Cir. 2013)*, is misplaced. The principle dispute in *Erie* was whether the case constituted a "class action" under CAFA. *Erie 722 F.3d at 158*; *see also 28 U.S.C. § 1332(d)(1)(B)* (defining the term "class action" within the scope of CAFA). *Erie* makes no mention of *§ 1332(a)*, let alone the notion that CAFA supersedes *§ 1332(a)* as the sole basis for diversity jurisdiction over class actions.

[3] The New Jersey Supreme Court has explained that the damages and penalties available to private individuals are limited to those provided in *N.J.S.A. 56:8-19*. *Weinberg v. Sprint Corp., 173 N.J. 233, 250, 801 A.2d 281 (N.J. 2002)*. Thus, the enhanced penalties pursuant to *N.J.S.A. 56:8-14.3* may only be sought by the Attorney General, [*12] and are unavailable in private claims. *See N.J.S.A. 56:8-3.1* (stating that the Attorney General is granted authority to hold hearings on alleged violations, and assess penalties to the extent of his statutory authority).

is limited to the treble damages provided by N.J.S.A. 56:8-19. Therefore, with regard to compensatory and statutory damages, Plaintiff's claims total, at most, approximately $30.

I turn next to Plaintiff's request for punitive damages, attorneys' fees, and related costs. Claims for punitive damages may be aggregated with claims for compensatory damages in determining whether the requisite amount in controversy is satisfied only where they are available as a matter of state substantive law. Golden, 382 F.3d at 355. Similarly, potential attorneys' fees must also be considered in calculating the amount in controversy where they are provided for by state statute. Suber v. Chrysler Corp., 104 F.3d 578, 585 (3rd Cir. 1997). Where, as here, punitive damages and attorneys' fees would need to represent the bulk of any possible recovery to satisfy the amount in controversy requirement, I subject those claims to particularly close scrutiny. See Packard v. Provident Nat. Bank, 994 F.2d 1039, 1046 (3rd Cir. 1993); Penn v. Wal-Mart Stores, Inc., 116 F.Supp.2d 557, 569.

Under New Jersey law, punitive damages are governed by the Punitive Damages Act, N.J. Stat. Ann. § 2A:15-5.9, et. seq. ("NJPDA"), which provides that:

> [t]o recover punitive damages, the plaintiff must demonstrate by clear and convincing evidence that the harm suffered was the result of defendant's acts or omissions, and such acts or omissions were [*13] actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence.

Vibra-Tech Engineers, Inc. v. Kavalek, 849 F. Supp. 2d 462, 500 (D.N.J. 2012) (citing Pavlova v. Mint Mgmt. Corp., 375 N.J. Super. 397, 868 A.2d 322 (App. Div. 2005)). Actual malice is defined as "an intentional wrongdoing in the sense of an evil-minded act;" wanton and willful disregard is defined as "a deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission." N.J. Stat. Ann. § 2A:15-5.10.

As pled in the Complaint, Plaintiff could not recover punitive damages under New Jersey law for any of his claims. First, with respect to Plaintiff's contract claims, where the essence of a cause of action is limited to a breach of a commercial contract, and absent exceptional circumstances concerning a special relationship between the parties, punitive damages are inappropriate regardless of the conduct constituting the breach. Sandler v. Lawn-A-Mat Chemical & Equipment Corp., 141 N.J. Super 437, 449, 358 A.2d 805 (App. Div. 1976). It is clear that Plaintiff's claims arise from a boilerplate membership agreement executed between himself and the Health Club. Moreover, absent from Plaintiff's Complaint are any allegations showing [*14] a special relationship between Plaintiff and the other parties. Accordingly, Plaintiff would be unable to recover punitive damages in connection with his claims for breach of contract, or for breach of contractual duty to a third-party beneficiary.

Turning to Plaintiff's common-law tort claims for fraud and conversion, although such causes of action may, under different circumstances, support punitive damages under New Jersey law, here, Plaintiff fails to allege the requisite intent and culpability necessary to justify such an award. An award of punitive damages requires "a showing of culpability in excess of that needed to state the bare bones elements of the underlying tort." Lo Bosco v. Kure Engineering Ltd., 891 F. Supp. 1020, 1034 (D.N.J. 1995) (citing W. Page Keeton, *et al., Prosser and Keaton on Torts* § 2 at 9 (5th ed. 1984)); *see also id.* ("Fraud, standing alone, without some additional aggravating element, will not sustain a claim for punitive damages." (Citing Jugan v. Friedman, 275 N.J. Super. 556, 572, 646 A.2d 1112 (App. Div. 1994).)). Indeed, as noted above, punitive damages are available under New Jersey law in conversion and fraud claims only if the plaintiff demonstrates that the defendant acted with the level of culpability required by the NJPDA. Onyiuke v. Cheap Tickets, Inc., No. 09-CV-891, 2009 U.S. Dist. LEXIS 121170, 2009 WL 5218064 at *3 (D.N.J. Dec. 31 2009) (citations omitted). However, the Complaint merely sets forth a barebones [*15] claim of fraud, without any additional element, such as malice. Similarly, with respect to his conversion claim, Plaintiff merely alleges that ABC Financial acted "deliberately, knowingly, and wrongfully," and pleads no facts showing or supporting a plausible inference that ABC Financials may have engaged in type of conduct that constitutes an "evil-minded act" or "knowledge of a high probability of harm." Because Plaintiff fails to allege malice or wanton recklessness with respect to either of his common law tort claims, Plaintiff cannot recover punitive damages. See Gruber v. Xactis Corp., Civ. No. L-8044-07, 2013 N.J. Super. Unpub. LEXIS 2211, 2013 WL 4746529, at *4 (App. Div. Sept. 5, 2013) ("'To be subject to liability for punitive damages, a defendant's conduct must be willfully and wantonly reckless or malicious.'" (Quoting Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610-11, 691 A.2d 350 (1997).)).

For the same reasons, Plaintiff would be unable to obtain punitive damages for his NJCFA claim. Under the NJCFA, "like the common law causes of action discussed above, to support an award of punitive damages, a plaintiff must establish that the defendant's unlawful conduct rises to the

level of culpability required by the NJPDA." *Boyes v. Greenwich Boat Works, Inc., 27 F. Supp. 2d 543, 549 (D.N.J. 1998)*. Although Plaintiff's Complaint avers that ABC Financial made deliberate false representations in the cancellation **[*16]** provision of the Membership Agreement, Plaintiff fails to provide any facts showing, or giving rise to the inference, that Defendants acted with "actual malice" or "wanton or reckless disregard." Therefore, since Plaintiff has not adequately pled a basis to recover punitive damages from Defendants on any of his claims, he instead is limited to the aforementioned compensatory and statutory damages totaling approximately $30.

Because I find to a legal certainty that Plaintiff may not recover punitive damages on his claims as pled, the requisite amount in controversy may only be satisfied if potential attorneys' fees and costs, aggregated with $30 of compensatory and statutory damages, would satisfy the requisite $75,000 amount in controversy. Under the NJCFA, a plaintiff who suffers "any ascertainable loss of money" as a result of unlawful conduct under the act shall be awarded threefold the actual damages sustained, as well as "reasonable attorneys' fees, filing fees and reasonable costs of suit." *N.J.S.A. § 56:8-19*. Because Plaintiff alleges that he suffered a loss of money due to Defendants' violation of the NJCFA, attorneys' fees would be available to Plaintiff under the statute, and must be considered **[*17]** in determining whether the amount in controversy requirement is satisfied. Nonetheless, even under the legal certainty test, "a claim for an unspecified amount of attorneys' fees does not necessarily satisfy the jurisdictional minimum." *Zanger v. Bank of America, N.A., Civ. No. 10-CV-2480, 2010 U.S. Dist. LEXIS 105028, 2010 WL 3910142 at *4 (D.N.J. Oct. 1, 2010)*; see *Frederico, 507 F.3d at 199*. Indeed, to satisfy the jurisdictional minimum, this Court would have to award a preposterously high amount of attorneys' fees and costs in connection with a nominal amount of compensatory damages of $30—which is inconsistent with the purpose of the amount in controversy requirement. See *Packard, 994 F.2d at 1044-45* (explaining that amount in controversy requirement "must be narrowly construed so as to not frustrate" congressional intent to "keep the diversity caseload of the federal courts under some medium of control"). Moreover, courts have routinely rejected the argument that a plaintiff could meet the amount in controversy by relying primarily on the award of of attorneys' fees, rather than compensatory damages. *E.g., Lauchheimer v. Gulf Oil, 6 F. Supp. 2d 339, 346 (D.N.J. 1998)* (holding that amount in controversy could not be satisfied by potentially excessive award of attorneys' fees where plaintiff, if successful, would receive very small compensatory damages); *Flail v. Travelers Companies, Civ. No. 98-CV-1254, 1998 U.S. Dist. LEXIS 15964, 1998 WL 709296 at *3 (E.D. Pa. Oct. 6, 1998)* (finding to a legal certainty that amount in controversy could **[*18]** not exceed $75,000 by aggregating potential attorneys' fees where compensatory damages could not exceed $5,000); *Cohen v. Gerber Products Co., Civ. No. 96-CV-3071, 1996 U.S. Dist. LEXIS 15253, 1996 WL 593720 at *5 (E.D. Pa. Oct. 21, 1996)* (finding to a legal certainty that amount in controversy could not exceed $50,000 where plaintiff could recover up to $4,000 in compensatory damages, and amount in controversy could only be satisfied by awarding at up to $46,000 in attorneys' fees). I am therefore satisfied, to a legal certainty, that even taking into consideration an award of attorneys' fees, Plaintiff could not recover more than $75,000.

In sum, because I find to a legal certainty that Plaintiff's claims cannot exceed $75,000, Defendants have failed to carry their burden of establishing that the instant lawsuit satisfies the requisite amount in controversy for this Court to have subject matter jurisdiction under *28 U.S.C. 1332(a)*. Lacking such jurisdiction, I must remand the instant lawsuit to state court.

Lastly, I note that, in connection with the request to remand, Plaintiff asserts that he is entitled to attorneys' fees and related costs pursuant to *28 U.S.C. § 1447(c)*. I deny Plaintiff's request, finding that Defendants' removal of the Complaint was reasonable, based on a reading of the Complaint and the lenient standard applicable to **[*19]** determining whether Plaintiff's claims satisfied the requisite amount in controversy; therefore, an award fees and costs is not warranted under the the circumstances of this case. *Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)* ("[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under *§ 1447(c)* only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."). I also note that Defendants filed a motion for sanctions pursuant to *Fed. R. Civ. P. 11*, based on their contention that Plaintiff's claims against Defendants are wholly frivolous. Because this Court lacks subject matter jurisdiction over Plaintiff's Complaint, and because I do not reach the issue of whether Plaintiff has any viable claims against Defendants, Defendant's Rule 11 motion for sanctions is denied as moot.

## CONCLUSION

For the foregoing reasons, this Court determines that subject matter over Plaintiff's Complaint is lacking, and accordingly remands this action to state court. Plaintiff's request for an award for attorneys' fees and costs is denied, as is Defendants' motion for Rule 11 sanctions.

An Order will be [*20] entered consistent with this Opinion.

Date: August 18, 2014

/s/ Freda L. WolfsonFreda L. WolfsonFreda L. Wolfson

Freda L. Wolfson, U.S.D.J.

**ORDER**

**THIS MATTER** having been opened to the Court by Defendants ABC Financial Services, Inc., Paul W. Schaller, James A. Bottin, and Robert Whisnant ("Defendants"), through their counsel Jonathan A. Cass, Esq., on a motion to dismiss Plaintiff John Sacchi's ("Plaintiff") Complaint; it appearing that Plaintiff, through his counsel Stephen John Simoni, Esq., opposes Defendants' motion on the grounds that this Court lacks subject matter jurisdiction and, thus, requests the matter be remanded to state court, as well as an award of attorneys' fees and costs incurred by Plaintiff due to Defendants' removal of his action; it appearing further that Defendants filed a reply to Plaintiff's opposition, and also a motion for sanctions pursuant to *Fed. R. Civ. P. 11*; the Court, having reviewed the moving, opposition, and reply papers pursuant to *Fed. R. Civ. P. 78*, for the reasons stated in the Opinion filed on even date, and for good cause shown,

**IT IS** on this 18th day of August, 2014,

**ORDERED** that Plaintiff's request to remand is GRANTED; this matter to be remanded to the New Jersey Superior Court, [*21] Monmouth County, Law Division; and it is further

**ORDERED** that Plaintiff's request for attorneys' fees and costs is DENIED; and it is further

**ORDERED** that Defendants' motion for Rule 11 sanctions [7] is DENIED as moot.

/s/ Freda L. WolfsonFreda L. WolfsonFreda L. Wolfson

The Honorable Freda L. WolfsonFreda L. WolfsonFreda L. Wolfson

United States District Judge

**End of Document**