# EXHIBIT B

# *Flail v. Travelers Cos.*

United States District Court for the Eastern District of Pennsylvania

October 6, 1998, Filed

CIVIL ACTION No. 98-1254

**Reporter**
1998 U.S. Dist. LEXIS 15964 *; 1998 WL 709296

SHANE FLAIL and LINDA FLAIL, h/w v. THE TRAVELERS COMPANIES

**Disposition:** [*1] Plaintiffs' complaint DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

## Case Summary

**Procedural Posture**

Plaintiff homeowners filed an action against defendant insurance company, alleging that the insurance company breached its insurance agreement and violated *42 Pa. Cons. Stat. Ann. § 8371* (Supp. 1998) and the Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. Ann. § 201 (1993 and Supp. 1998), when it failed to pay additional replacement costs for damage to the homeowners' house.

**Overview**

In their action against the insurance company, the homeowners alleged that the insurance company failed to pay $ 5,181.69 in replacement costs toward the homeowner's house, and that the failure amounted to an unfair trade practice. The homeowners sought to recover the replacement costs, plus treble damages and attorney's fees, recoverable under 73 Pa. Cons. Stat. Ann. § 201 (1993 and Supp. 1998), and punitive damages and attorney's fees under *42 Pa. Cons. Stat. Ann. § 8371* (Supp. 1998). The court sua sponte directed the homeowners to amend their action to properly allege federal jurisdiction. After their amendment, the court found that the claims under the state statutes were alternative bases of recovery for the same harm, that the court could not aggregate the homeowners' federal and state claims to arrive at the § 75,000 amount required to invoke federal jurisdiction, that the homeowners' actual amount of damage was $ 5,182, and that it would have been preposterous to have awarded the homeowners treble and punitive damages of $ 69,818 just to maintain federal jurisdiction.

**Outcome**

The court dismissed the homeowner's breach of agreement action against the insurance company.

**Counsel:** For SHANE FLAIL, LINDA FLAIL, PLAINTIFFS: WILLIAM P. BARRETT, KOESTEL, CIOTTI, BERINGER AND BARRETT, READING, PA USA.

For THE TRAVELERS COMPANIES, DEFENDANT: STEPHEN B. NOLAN, STRADLEY, RONON, STEVENS & YOUNG, PHILADELPHIA, PA USA. SAMUEL J. ARENA, JR., STRADLEY, RONON, STEVENS & YOUNG, PHILA. PA USA.

**Judges:** THOMAS N. O'NEILL, JR., J.

**Opinion by:** THOMAS N. O'NEILL, JR.

## Opinion

MEMORANDUM

Plaintiffs, Shane and Linda Flail, assert that defendant, Travelers Property and Casualty Company,[1] breached its insurance agreement by failing to pay plaintiffs $ 5,181.69 in replacement costs for damage to their home. In addition, plaintiffs assert that defendant's refusal to pay full replacement cost, its withholding of the depreciation of plaintiffs' property pending completion of the repairs, and its failure to respond promptly to plaintiffs' communications constitute both bad faith under *42 Pa. C.S.A. § 8371* (West Supp. 1998) and unfair trade practices under the Unfair Trade Practices and Consumer Protection Law (UTP/CPL), 73 Pa. C.S.A. § 201 (West 1993 & Supp. 1998). By Order dated May 5, 1998, [*2] this Court, *sua sponte*, directed that plaintiffs

---

[1] Plaintiffs' claim arises under a homeowner's policy of insurance issued by The Standard Fire Insurance Company, now known as Travelers Property and Casualty Company and improperly designated in the Complaint as "The Travelers Companies".

establish subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) by amending their complaint to allege defendant's state of incorporation and by filing a brief stating why their claim is in excess of $ 75,000. For the reasons discussed below I find that plaintiffs have failed to establish the requisite amount in controversy and will dismiss the Amended Complaint for lack of subject matter jurisdiction.

For a district court to have original jurisdiction in a diversity case, the amount in controversy must exceed $ 75,000, exclusive of interest and costs. 28 U.S.C.A. § 1332(a) (West Supp. 1998). This provision "must be narrowly construed so as not to frustrate the congressional purpose behind it: to keep the diversity [*3] caseload of the federal courts under some modicum of control." Packard v. Provident National Bank, 994 F.2d 1039, 1044-45 (3d Cir. 1993), cert. denied sub nom. Upp v. Mellon Bank, N.A., 510 U.S. 964, 126 L. Ed. 2d 373, 114 S. Ct. 440 (1993). In determining the amount in controversy, a district court is not bound by the pleadings of the parties and may, on its own motion, determine facts relevant to its jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 183, 80 L. Ed. 1135, 56 S. Ct. 780 (1936); Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Once a defendant or the court has challenged the plaintiff's allegations concerning the amount in controversy, the plaintiff must produce sufficient evidence to justify its claims. McNutt, 298 U.S. at 189; Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995), citing Burns v. Massachusetts Mutual Life Insurance Co., 820 F.2d 246, 248 (8th Cir. 1987). The party asserting jurisdiction bears the burden of demonstrating that the district court has the power to hear the case. Packard, 994 F.2d at 1045.

The test for determining [*4] whether the amount in controversy requirement is satisfied is known as the "legal certainty test". To justify dismissal, it must appear to a legal certainty that plaintiff's claim is for less than the statutory amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89, 82 L. Ed. 845, 58 S. Ct. 586 (1938). However, "legal certainty" does not require absolute certainty. Nelson v. Keefer, 451 F.2d 289, n.6 (3d Cir. 1971), citing Jeffries v. Silvercup Bakers, Inc., 434 F.2d 310, 311-12 (7th Cir. 1970).

In the present case, plaintiffs' Amended Complaint seeks approximately $ 5,181.69 in actual damages; treble damages and attorneys' fees pursuant to the UTP/CPL; [2] and punitive damages and attorneys' fees pursuant to 42 Pa. C.S.A. § 8371. [3] Since the UTP/CPL and § 8371 are alternative bases of recovery for the same harm under state law, the court cannot aggregate plaintiffs' claims under these provisions to arrive at the amount in controversy. [4] Suber v. Chrysler Corp., 104 F.3d 578, 588 (3d Cir. 1997). Treble damages and attorneys' fees under the UTP/CPL would, to a legal certainty, fall far below the requisite amount in controversy. [5] I must therefore [*5] examine plaintiffs' claim for punitive damages and attorneys' fees under § 8371 to determine if the amount in controversy exceeds $ 75,000.

[*6] When both actual and punitive damages are recoverable, punitive damages are properly considered in determining the amount in controversy. Bell v. Preferred Life Assur. Soc., 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1941); A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82, 87 (2d Cir. 1991). Attorneys' fees may also be considered if the plaintiff may recover them pursuant to a state statute. Suber, 104 F.3d at 585; Neff v. General Motors Corp., 163 F.R.D. 478, 483 (E.D. Pa. 1995). Thus, the aggregation of plaintiffs' claims for actual damages, punitive damages, and attorneys' fees represents the maximum amount potentially in controversy in this case. To dismiss for lack of subject matter jurisdiction, I must find that to a legal certainty plaintiffs could not recover $ 69,818.32 in punitive damages and attorneys fees. [6]

A punitive damages claim which comprises the [*7] bulk of the amount in controversy and which may have been asserted solely or primarily for the purpose of obtaining federal jurisdiction will be given particularly close scrutiny. Packard, 994 F.2d at 1046, citing Zahn v. International Paper Co., 469 F.2d 1033, 1034 n. 1 (2d Cir. 1972), aff'd, 414 U.S. 291, 38 L. Ed. 2d 511, 94 S. Ct. 505 (1973). Such scrutiny is necessary

---

[2] In a private action under the UTP/CPL, the court may award up to three times the actual damages and reasonable attorneys' fees. 73 Pa. C.S.A. § 201-9.2.

[3] Under 42 Pa. C.S.A. § 8371, if a court finds that an insurer has acted in bad faith toward an insured, it may award punitive damages and assess attorneys' fees against the insurer.

[4] Plaintiffs allege that violations of both the UTP/CPL and § 8371 arose from the same conduct. The purpose underlying both statutes is to protect consumers from unscrupulous conduct. See Johnson v. Hyundai Motor America, 698 A.2d 631 (Pa. Super. Ct. 1997) (purpose of the UTP/CPL is to protect public from fraud and unfair trade practices); General Accident Insurance Co. v. Federal Kemper Insurance Co., 452 Pa. Super. 581, 682 A.2d 819 (Pa. Super. Ct. 1996) (legislature intended this section to protect insured from bad faith denials).

[5] Treble damages would amount to $ 15,545.07, more than $ 59,000 less than the requisite amount in controversy.

[6] The requisite amount in controversy ($ 75,000.01) minus Plaintiffs' claim for actual damages ($ 5,181.69) equals $ 69,818.32.

to ensure that liberal pleading rules do not become "a license for plaintiffs to shoehorn essentially local actions into federal court through extravagant or invalid punitive damages claims." *Kahal v. J.W. Wilson & Associates, Inc., 218 U.S. App. D.C. 156, 673 F.2d 547, 548 (D.C. Cir. 1982)*. For these reasons a district court may exercise greater discretion in examining claims for punitive damages than claims for actual damages. *Larkin v. Brown, 41 F.3d 387, 389 (8th Cir. 1994)*; *Zahn, 469 F.2d at 1034 n. 1*. This logic applies with equal strength to a claim for attorney's fees. *Neff, 163 F.R.D. at 483*.

Where appropriate, courts will exclude claims for punitive damages and attorneys' fees from the amount in controversy. A punitive damages claim which is "patently frivolous and without foundation" [*8] must be stricken from the amount in controversy. *Packard, 994 F.2d at 1046*, quoting *Gray v. Occidental Life Ins. Co., 387 F.2d 935, 936 (3d Cir. 1968)*. Courts have also refused to include a punitive damages claim in the amount in controversy where the facts alleged would not support such a claim. See, e.g., *Larkin, 41 F.3d 387 (8th Cir. 1994)*; *Kahal, 218 U.S. App. D.C. 156, 673 F.2d 547 (D.C. Cir. 1982)*; *Gray, 387 F.2d 935 (3d Cir. 1968)*; *Lerch v. Maryland Insurance Group, 1995 U.S. Dist. LEXIS 844, 1995 WL 30594 (E.D. Pa. 1995)*; *Lindsay v. Kvortek, 865 F. Supp. 264 (W.D. Pa. 1994)*; *Singer v. State Farm Mutual Automobile Insurance Co., 785 F. Supp. 510 (E.D. Pa. 1992)*. Excessive claims for attorneys' fees will also be excluded from the jurisdictional determination. *Neff, 163 F.R.D. at 483-84*.

While the Pennsylvania Supreme Court has held that punitive damages need not be "reasonably related" to compensatory damages, *Kirkbride v. Lisbon Contractors, Inc., 521 Pa. 97, 555 A.2d 800, 803 (Pa. 1989)*, that does not mean that punitive damages awards are without limits. State courts have interpreted that holding as a rejection of the requirement of any fixed mathematical [*9] ratio between the two claims. *Sprague v. Walter, 441 Pa. Super. 1, 656 A.2d 890, 926 (Pa. Super. Ct. 1995)*. Under Pennsylvania law, a reasonable relationship must still exist between the decision to award punitive damages and the nature of the cause of action underlying the compensatory award. Id. In addition, the amount of any punitive damages award in Pennsylvania is explicitly circumscribed by the factors laid out in *§ 908(2) of the Restatement (Second) of Torts*.[7] *Younis Bros. & Co., Inc. v. Cigna Worldwide Ins. Co., 882 F. Supp. 1468, 1471-72 (E.D. Pa. 1994)*; *Coyne v. Allstate Insurance Co., 771 F. Supp. 673, 679-80 (E.D. Pa. 1991)*.

[*10] Though I cannot state that plaintiffs' claim for punitive damages is frivolous or without foundation as a matter of law, I find it inconceivable, even in conjunction with reasonable attorneys' fees, that plaintiffs could recover an award sufficient to establish diversity jurisdiction.

The gravamen of plaintiffs' Amended Complaint is that defendant breached its insurance policy by refusing to pay $ 5,181.69 in replacement costs. Approximately $ 900 of this $ 5,181.69 claim represents the difference between the replacement cost and the depreciated value of plaintiffs' property. Defendant has withheld this $ 900, pending completion of the repairs, from the $ 10,806.67 in payments it has thus far made to plaintiffs. Plaintiffs further allege that defendant failed to respond promptly to communications from plaintiffs. As to bad faith, the complaint offers only the conclusory allegation that defendant's conduct was "wanton". On these facts an award of $ 69,818 in punitive damages and attorneys' fees would be preposterously high.

Recognizing the necessary imprecision in determining the amount in controversy in unliquidated damages cases, the Court of Appeals has instructed that:

> Given [*11] the congressional intention to eliminate trials of unsubstantial diversity cases, … we have no difficulty in concluding that Congress intended that trial judges exercise permissible discretion in adjudicating challenges to jurisdiction.

*Nelson v. Keefer, 451 F.2d 289 (3d Cir. 1971)*. In Nelson the Court affirmed a district court's finding that the plaintiff's claim for pain and suffering could not sustain a damages award sufficient to meet the amount in controversy requirement. *Id. at 295-97*. Since this case involves a punitive damages claim arising from an alleged contractual breach, the exercise of this court's discretion appears even more appropriate than in Nelson.

Plaintiffs have not established, as is their burden, the existence of federal jurisdiction. Since I am convinced to a legal certainty that plaintiffs' claim is for less than $ 75,000.01, I must dismiss this case for lack of subject matter jurisdiction. The attention of plaintiffs' counsel is directed to § *42 Pa. C.S.A. § 5103(b)* (West Supp. 1998).

ORDER

---

[7] *Section 908(2)* states: "punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause, and the wealth of the defendant." *Restatement (Second) of Torts § 908* (1979).

1998 U.S. Dist. LEXIS 15964, *11

AND NOW this day 6th of October, 1998, upon consideration of the parties' submissions, it is hereby ORDERED that plaintiffs' complaint **[*12]** is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

THOMAS N. O'NEILL, JR., J.

**End of Document**