**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| JOSEPH P. GREENLEY, JR., Plaintiff, v. TOMS RIVER KIA, Defendant. | Civil Action No. 3:16-cv-04454-AET-DEA |
|---|---|

# BRIEF IN FURTHER SUPPORT OF TOMS RIVER KIA'S MOTION TO DISMISS

BARON SAMSON LLP
27 Horseneck Road
Suite 210
Fairfield, New Jersey 07004
(973) 244-0030
Attorneys for Defendant
Toms River Kia

**TABLE OF CONTENTS**

LEGAL ARGUMENT ........................................ 1

POINT I

PLAINTIFF'S CLAIM SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION ........................................ 3

CONCLUSION ........................................ 5

# TABLE OF AUTHORITIES

## CASES

Frederico v. Home Depot,
507 F.3d 188 (3d Cir. 2007) .......... 1

Gennari v. Weichert Co. Realtors,
148 N.J. 582 (1997) .......... 3

Reynolds v. USX Corp.
56 Fed. Appx. 80 (3d Cir. 2003) .......... 2

Romano v. Galaxy Toyota.
399 N.J. Super. 470 (App. Div. 2008) .......... 3

Thiedemann v. Mercedes-Benz USA, LLC
183 N.J. 234 (2005) .......... 2

Walter v. Holiday Inns, Inc.,
784 F. Supp. 1159 (D.N.J. 1992) .......... 4

## RULES

N.J.S.A. § 2A:15-5.12 .......... 4

N.J.S.A. 56:8-1 .......... 1

28 U.S.C. § 1332 .......... 1

28 U.S.C. § 1332(a) .......... 1

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF'S CLAIM SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

In his Complaint, plaintiff Joseph P. Greenley ("Plaintiff"), a Pennsylvania resident, alleges, among other things, that defendant Toms River Kia ("TRK") violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. ("CFA"), by selling him a used 2013 Kia Optima, vehicle identification number 5XXGR4A66DG108268 (the "Vehicle") which he claims incurred prior collision damage. See the Declaration of Albert M. Levi, Esq. previously submitted ("Levi Decl."), Ex. A at ¶¶ 6-10 and 24-38. He asserts that this Court has jurisdiction over the case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. See Plaintiff's Memorandum of Law in Opposition ("Opp.") at 1. However, for Plaintiff to establish federal diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

Plaintiff's initial disclosures and answers to interrogatories make clear that his claims cannot meet the $75,000 diversity threshold. Plaintiff itemized his damages therein as follows:

1. $6,537 diminished value as actual damages;
2. Mandatory treble damages under the CFA or $19,611; and
3. Attorney fees and costs.

Levi Decl., Ex. B at 3 and Ex. C at 6. TRK explained in its moving papers that, given Plaintiff's alleged loss, and even assuming he is awarded treble damages, Plaintiff would need to recover over $55,000 in attorneys' fees, more than 275% of his claimed actual damages, in order to meet this Court's jurisdictional threshold. Because such an outsized award of attorneys' fees would be unreasonable in the context of this straightforward and low-stakes case, TRK urges this Court to dismiss the Complaint for lack of subject matter jurisdiction. See Frederico v. Home Depot, 507

F.3d 188, 199 (3d Cir. 2007)(limiting the plaintiff's claimed attorneys' fees to thirty percent of his actual damages); Reynolds v. USX Corp., 56 Fed. Appx. 80, 83 (3d Cir. 2003)(the court may consider the plaintiff's "level of success" in determining whether an award of attorneys' fees is reasonable).

In opposition, Plaintiff submits a one-page brief in which he avers, without any legal or evidentiary support, that his claim "meets the jurisdictional minimum." Opp. at 1. Plaintiff does not dispute that an award of $55,000 in attorneys' fees would be unreasonable. Id. Rather, his entire argument in opposition consists of the following new itemization of damages:

> $6,537 – actual damages
> $19,611 – treble damages
> Rescission – equitable/declaratory relief
> Attorney's fees and costs
> Punitive damages
> Compensatory (non-economic) damages

Id. Needless to say, this new itemization is nothing more than an attorney's unsupported hearsay statement and is not competent evidence of damages.

Plaintiff also cannot aggregate actual damages and treble damages under the CFA. Even if he prevails in this case, he can only recover $19,611 in treble damages because this sum already includes the alleged actual damages. Moreover, Plaintiff cannot recover any of the additional categories of damages listed in his new itemization. It is well established that a plaintiff's damages under the CFA are limited to his "ascertainable loss." See Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 248 (2005). Plaintiff's ascertainable loss is limited to out-of-pocket loss or diminution of value that directly resulted from TRK's alleged unlawful act. Id. at 248-49. Accordingly, Plaintiff is barred under the CFA from seeking whatever unspecified "non-economic" damages he appears to claim. See Gennari v. Weichert Co. Realtors, 148 N.J.

582, 612 (1997)("no defendant is liable under the [CFA] for the purchasers' non-economic loss or for their emotional distress").

Similarly, Plaintiff has added "rescission" to his itemization of damages, implying that he can recover additional damages corresponding to the purchase price of the Vehicle. He cannot. In fact, when faced with this very question in a case involving allegations that a car dealership fraudulently tampered with a vehicle's odometer prior to sale, the Court in Romano v. Galaxy Toyota, 399 N.J. Super. 470, 484 (App. Div. 2008) held that:

> Our review of reported opinions reveals no case supporting plaintiff's proposition that when a fraud occurs at the inception of the contract, a plaintiff's measure of damages in fraud or consumer fraud actions, is the purchase price paid for the product. While this may be the ultimate quantum of damages, it does not reflect an accepted methodology. . . The award of damages necessary to make plaintiff whole is that which would compensate her for the unconscionable commercial practice by Galaxy, that is, understating the car's mileage at sale. Consequently, the measure of plaintiff's ascertainable loss for CFA purposes cannot be the purchase price she paid for the automobile, but the difference between the vehicle she received and the vehicle as represented at purchase.

Romano, supra, 399 N.J. Super. at 482-84. The Romano Court's conclusion prevents the absurd result of the award in every CFA case involving the purchase of an automobile being close to, or in excess of, $100,000. As previously stated, Plaintiff has already admitted that his ascertainable loss in this case is, at most, $6,537. In light of this admission, his last-minute addition of rescission to his itemization of damages does not create a cognizable loss that is separate and distinct from his supposed $6,537 loss.

Finally, Plaintiff cannot realistically recover punitive damages in this action. Plaintiff alleges that TRK defrauded him by failing to disclose damage to the Vehicle in connection with its sale of the Vehicle to Plaintiff. Levi Decl., Ex. A at ¶¶ 24-38. However, "fraud is not alone a sufficient basis upon which to premise an award of punitive damages;" rather, "there must be

acts of malice, vindictiveness and a wholly wanton disregard of the rights of others." Walter v. Holiday Inns, Inc., 784 F. Supp. 1159, 1180-1181 (D.N.J. 1992)(dismissing plaintiff's claim for punitive damages). See also N.J.S.A. § 2A:15-5.12 (punitive damages only available if plaintiff proves malice, etc. by clear and convincing evidence). Plaintiff admits in his answers to interrogatories that his only basis for alleging that TRK knowingly misrepresented the condition of the Vehicle is that his "mechanic noted damage to the body of the Vehicle." Levi Decl., Ex. C at 6. In other words, Plaintiff cannot even demonstrate that TRK had knowledge of the alleged damage to the Vehicle, which would be necessary to prove fraud, let alone that TRK acted maliciously. Therefore, he cannot realistically prove entitlement to punitive damages.

In sum, Plaintiff admits his actual damages are $6,537 and fails to identify or provide a factual basis for any additional damages. The reality is that, for the reasons stated herein and in TRK's moving papers, Plaintiff's damages cannot possibly reach the diversity threshold. Accordingly, this Court should dismiss the Complaint for lack of jurisdiction.

**CONCLUSION**

Based on the foregoing, this Court should dismiss the Complaint.

Respectfully submitted,
BARON SAMSON LLP
Attorneys for Defendant
Toms River Kia

By: ______________________
ALBERT M. LEVI

Dated: January 30, 2017