NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSEPH P. GREENLEY, JR.,

        Plaintiff,

    v.

TOMS RIVER KIA,

        Defendant.

Civ. No. 16-4454

**OPINION**

THOMPSON, U.S.D.J.

    This matter comes before the Court upon the motion to dismiss for lack of subject matter jurisdiction brought by Defendant Toms River Kia ("Defendant"). (ECF No. 10). Plaintiff Joseph P. Greenley, Jr. ("Plaintiff") opposes. (ECF No. 12). The Court has issued the Opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Defendant's motion to dismiss will be granted.

## BACKGROUND

    Plaintiff's allegations are as follows: Plaintiff purchased a 2013 Kia Optima from Defendant. During the course of that negotiation and sale, Defendant made affirmative misrepresentations and material omissions about Defendant's title to the vehicle, Defendant's ability to convey title to the vehicle, the collision history of the vehicle, and appropriate taxes and fees related to the sale and registration of the vehicle. As a result, Plaintiff paid an inflated price for the vehicle and did not have proper title to the vehicle for over a month.

Plaintiff filed a Complaint alleging common law fraud and violation of the New Jersey Consumer Fraud Act.  Plaintiff alleged that he was induced to sign the contracts because of these misrepresentations and that he could recover:

- Actual and compensatory damages in the amount of the sale price of the vehicle;
- Treble damages;
- Punitive damages;
- Attorney fees and costs; and
- Such other and further relief as the Court shall deem just and proper.

(Compl. at 6–7, ECF No. 1).

Defendant moved to dismiss the case for failure to allege an amount in controversy in excess of $75,000.  This motion is presently before the Court.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a Defendant may move at any time to dismiss the Complaint for lack of subject matter jurisdiction on either facial or factual grounds. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  In analyzing a facial challenge, a court "must consider only the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff."  *Id.* (citing *Mortensen*, 549 F.2d at 891).  In considering a factual challenge, however, a court "may consider evidence outside of the pleadings."  *Id.* (citing *Mortensen,* 549 F.2d at 891).  Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction."  *Cottrell v. Heritages Dairy Stores, Inc.*, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

Federal Rule of Civil Procedure 8(a) requires a plaintiff in a federal action to set forth a "short and plain statement of the grounds upon which the court's jurisdiction depends."  Fed. R.

Civ. P. 8(a). There are two traditional bases for subject matter jurisdiction in federal court: federal question jurisdiction and diversity jurisdiction. *City of Newark v. Lawson*, 346 F. App'x 761, 763 (3d Cir. 2009). Federal question jurisdiction applies to those civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002). This type of jurisdiction exists only if a federal question is presented on the face of the complaint. *Club Comanche, Inc. v. Gov't of V.I.*, 278 F.3d 250, 259 (3d Cir. 2002) (citation omitted). Diversity jurisdiction applies to "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between— (1) citizens of different States..." U.S.C. § 1332(a). Under the generally applicable rule requiring "complete diversity," no plaintiff may be a citizen of the same state as any defendant. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009) (citing 28 U.S.C. § 1332(a)(1) and *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)); *see also Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) (stating that diversity jurisdiction requires that "every plaintiff be diverse from each defendant"). In reviewing a motion to dismiss for lack of subject matter jurisdiction, the sum claimed by the plaintiff controls if the claim is apparently made in good faith unless it appears to a legal certainty that the claim is truly for less than the jurisdictional amount. *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997).

## ANALYSIS

Defendant brings a facial challenge that Plaintiff failed to allege an amount in controversy in excess of $75,000. (Def.'s Br., ECF No. 10-5).

In his Complaint, Plaintiff alleges two claims: common law fraud and violations of the New Jersey Consumer Fraud Act (CFA). For CFA claims, a plaintiff may be compensated for actual damages, may receive treble damages if the plaintiff demonstrates ascertainable loss from

an unlawful practice under the CFA, and may be awarded attorneys' fees and costs.  N.J.S.A. 56:8–19; *see also* 50 N.J. Prac., Business L. Deskbook § 18:18 (2016-2017 ed.).  The defendant may also be subject to civil penalties up to $10,000 for a first violation and up to $20,000 for subsequent offenses.  *Id.*  Treble damages include the actual damages; they are not in addition to actual damages.  Treble damages are a type of punitive damages.

For a common law fraud claim, punitive damages may be available if the Defendant acted in a way that was malicious, wantonly reckless, "evil-minded," vindictive, or showed a "wholly wanton disregard for the rights of others."  *Walter v. Holiday Inns, Inc.*, 784 F. Supp. 1159, 1180–81 (D.N.J. 1992).

In his Complaint, Plaintiff claims:

- Actual and compensatory damages in the amount of the sale price of the vehicle;
- Treble damages;
- Punitive damages;
- Attorney fees and costs; and
- Such other and further relief as the Court shall deem just and proper.

(Compl. at 6–7, ECF No. 1).  However, the facts presented in the Complaint do not allege that he actually lost the entire cost of the vehicle.  Rather, he alleges that he suffered the diminished value of the vehicle because it had been in an undisclosed collision ($6,537) and the loss of use of the vehicle from June 6 to July 8, 2016.  (*See* Compl. ¶ 14–16, ECF No. 1; Pl.'s Opp'n, ECF No. 12).  Therefore, Plaintiff could obtain treble damages in the amount of $19,611 for the diminished value of the vehicle.  That amount includes the actual damages.  Plaintiff does not present an estimate of the cost of the loss of use of the vehicle for one month.  Therefore, he has not alleged an ascertainable loss for this amount, which would qualify for treble damages.  Plaintiff has not alleged malice or vindictiveness that could qualify for additional punitive damages pursuant to the common law fraud claim.  Thus, Plaintiff has only alleged $19,611 in

possible damages, plus attorneys' fees. Reasonable attorney's fees in a case such as this, with an alleged $6,537 in actual damages, cannot be assumed to amount to $55,389.01. Therefore, Plaintiff has not alleged an amount in controversy exceeding $75,000.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss will be granted and the Complaint dismissed. A corresponding order will follow.

**Date:** *2/14/17*                  */s/ Anne E. Thompson*
                                                   ANNE E. THOMPSON, U.S.D.J.